# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

| | |
|---|---|
| JOTHAM BETHEA, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) CIVIL ACTION FILE<br>) NO.: |
| DOUG SHULMAN and ONEMAIN FINANCIAL, | )<br>)<br>) |
| Defendants. | )<br>) |

## NOTICE OF REMOVAL

Defendant OneMain Financial removes this action from the North Carolina General Court of Justice, District Court Division, Wake County (the "Wake County District Court") to the United States District Court for the Eastern District of North Carolina under 28 U.S.C. §§ 1331, 1441, and 1446. This action is removable because Plaintiff Jotham Bethea alleges claims arising under the federal Fair Credit Reporting Act ("FCRA") and Fair Debt Collection Practices Act ("FDCPA"). Plaintiff's additional state-law claims for breach of contract and "defamation, financial injury," form part of the same case or controversy as his federal claims, and fall under this Court's supplemental jurisdiction.

## PROCEDURAL REQUIREMENTS

1. Plaintiff filed this action in the Wake County District Court (No. 19CV018118) on October 23, 2019. Plaintiff mailed copies of his "Complaint for Money Owed" and summons to OneMain's North Carolina registered agent for service of process by certified mail postmarked October 29, 2019. CT Corporation System received the certified mailing on October 31, 2019. This notice is timely filed within 30 days of OneMain receiving notice of Plaintiff's Complaint. *See* 28 U.S.C. § 1446(b) ("The notice of removal ... shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading"); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct. 1322 (1999) (finding 30-day removal period runs from date of service of summons and complaint).

2. True and correct copies of all process, pleadings, and orders in the Wake County District Court action are attached hereto as Exhibit "A." *See* 28 U.S.C. § 1446.

3. The United States District Court for the Eastern District of North Carolina is the federal district court embracing the Wake County. *See* 28 U.S.C. §§ 113(a) and 1441(a).

4. OneMain is giving prompt written notice of this *Notice of Removal* to Plaintiff and the Wake County District Court as required by 28 U.S.C. §1446(d).

5. Defendant Doug Shulman consents to removal of this action to the United States District Court for the Eastern District of North Carolina, Western Division. Attached as Exhibit "B" to this Notice of Removal is a copy of the form evidencing Doug Shulman's consent to this removal. Thus, all defendants join in this removal.

## FEDERAL QUESTION JURISDICTION

The federal removal statutes provide that "any civil action brought in a State court which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). District Courts have original jurisdiction of all civil actions asserting claims arising under federal law. 28 U.S.C. § 1331.

Whether a claim "arises under" federal law "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425 (1987).

Here, Plaintiff alleges violations of and prays for relief under the FCRA, 15 U.S.C. §§ 1681 *et seq.*, and the FDCPA, 15 U.S.C. §§ 1692 *et seq.* This case is removable because the FCRA and FDCPA are federal laws.

## SUPPLEMENTAL JURISDICTION

This Court can exercise supplemental jurisdiction over Plaintiff's additional state-law claims because they form part of the same case or controversy as his FCRA and FDCPA claims. *See* 28 U.S.C. §§ 1367(a), 1441(c); *Shanaghan v. Cahill*, 58 F.3d 106, 109-110 (4th Cir. 1995) (stating district courts have discretion to exercise supplemental jurisdiction).

The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provides in relevant part that:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy…

Here, Plaintiff alleges no facts to support his federal FCRA and FDCPA claims, or his state-law claims for breach of contract and "defamation, financial industry." However, the nature of Plaintiff's claims indicate that he is seeking damages for the servicing and reporting of a debt obligation owed to OneMain. Plaintiff's state-law claims are likely "so related to claims in the action within [this

Court's] original jurisdiction" that they form part of the same case or controversy and falls squarely within this Court's supplemental jurisdiction. *See* 28 U.S.C. §§ 1367(a), 1441(c).

This Court should exercise supplemental jurisdiction over Plaintiff's state-law claim to avoid an unnecessary duplication of judicial resources. *See Shaughnessy v. Duke Univ.*, No. 1:18-CV-461, 2018 WL 6047277, at *6 (M.D. N.C. Nov. 19, 2018) (electing to exercise supplement jurisdiction for "reasons of judicial economy, fairness, and convenience"). Plaintiff's state-law claims do not appear to raise novel or complex issues of state law, do not predominate over his federal claims, and arise from the same transactions or occurrences as his FCRA and FDCPA claims. It is therefore proper for the Court to exercise jurisdiction over Plaintiff's entire action.

## ADOPTION AND RESERVATION OF DEFENSES

By filing this Notice of Removal, OneMain does not waive or relinquish its rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability

of some or all of the claims; (8) failure to join indispensable parties; or (9) any other defense available under Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

## CONCLUSION

WHEREFORE, OneMain respectfully asks the Court to take jurisdiction and issue all necessary orders and process to remove this action from the Wake County District Court to the United States District Court for the Eastern District of North Carolina.

Respectfully submitted this 2nd day of December, 2019.

*/s/ Kristen Peters Watson*
Kristen Peters Watson
N.C. Bar No. 51410
BURR & FORMAN LLP
421 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Telephone: (919) 334-4710
Facsimile: (919) 573-0771
kwatson@burr.com

Attorney for OneMain Financial

42527398 v1

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of December, 2019, I presented the foregoing **NOTICE OF REMOVAL** to the Clerk of Court for filing and uploading to the CM/ECF system, and that I served a true and correct copy of the document via United States First Class Mail, postage prepaid, addressed as follows:

Jotham Bethea
3776 Barnwell Dr.
Winston-Salem, NC 27105

*/s/ Kristen Peters Watson*